UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE SANFORD, | ) | 5:11CV2360 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE BENITA PEARSON |
| | ) | (Mag. Judge Kenneth S. McHargh) |
| LISA STEWART, | ) | |
| et al., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | MEMORANDUM |
| | ) | AND ORDER |

McHargh, Mag. Judge

The plaintiff, Clarence Sanford ("Sanford"), has filed suit in this court against Lisa Stewart and several other individual defendants, employees of the Indian River Juvenile Correctional Facility, alleging deliberate indifference to his serious and urgent medical needs, in violation of the Eighth and Fourteenth Amendments to the United States Constitution. (Doc. 1.)

A proposed Stipulated Protective Order for the Protection of Confidential Information was filed by counsel for all defendants (doc. 16), which was adopted by the court on March 22, 2012. (Doc. 18.)

Currently before the court is Sanford's motion to compel production of documents under Rule 45(c)(2)(B)(i). (Doc. 30.) Sanford issued a subpoena commanding a production of documents, served on Aug. 27, 2012, directed to a non-party, the Ohio Department of Youth Services ("DYS"). (Doc. 30, PX 1, Subpoena.)

The first and second document requests of the subpoena, at issue here, read as follows:

> 1. A copy of each and every investigation and/or incident report resulting from, and/or relating to, the "eye injury" referenced by Dr. Barbara Volk to Inspector Rebecca J. Martin on page 5 of the "Interview Transcript" dated September 25, 2008 and attached to the Report of Investigation, Case #1001070089. Said "eye injury" is believed to have occurred on or about November 16th, 2007 to a youth at Indian River Juvenile Correctional Facility.
>
> 2. A copy of the investigation and/or incident report(s) relating to and/or resulting from the "elbow injury" referenced by Dr. Barbara Volk to Inspector Rebecca J. Martin on page 5 of the September 25, 2008 "Interview Transcript" attached to the Report of Investigation, Case #1001070089.

(Doc. 30, PX 1.)

DYS did not file a timely objection to the subpoena, Fed. R. Civ. P. 45(c)(2)(B), but at a Sept. 6, 2012, telephone conference the court agreed to a requested extension of time for such objection, notice of which was then filed with the court on Sept. 12, 2012. (Doc. 25; see also doc. 30, PX 6 (objection).)

Another telephone conference was held on Sept. 26, 2012, at which counsel for DYS agreed to determine whether the two incidents at issue involved any of the individual defendants named in this action. It was determined subsequently that an "incident report" existed for the first, although no "investigation report" followed, and that defendant Suzanne Moore "conducted the initial medical assessment" in that first incident. (Doc. 30, PX 9.) As to the second, counsel was unable to locate

any incident or investigation report, but conferred with Dr. Volk, who recalled the name of the nurse involved, who was not a defendant in this action. Id.

A third telephone conference was held on Oct. 12, 2012, at which DYS continued to insist that DYS was barred from responding to the subpoena by state law, without a court order compelling a response. This motion to compel followed. (Doc. 30.) DYS has filed a motion in opposition. (Doc. 31.) Although the motion to compel is directed to DYS, the defendants have also filed a motion in opposition. (Doc. 32.) Sanford has filed a Reply. (Doc. 33.)

## I. DISCOVERY UNDER THE FEDERAL RULES

The Federal Rules of Civil Procedure permit discovery "regarding any non-privileged matter that is relevant to any party's claim or defense . . ." Fed. R.Civ. P. 26(b)(1). The relevance burden is met if the party can show that the discovery sought "appears reasonably calculated to lead to the discovery of admissible evidence." Id. The scope of discovery under the Federal Rules traditionally has been quite broad. Lewis v. ACB Business Services, Inc., 135 F.3d 389, 402 (6th Cir. 1998); Sanyo Laser Prod. Inc. v. Arista Records, Inc., 214 F.R.D. 496, 500 (S.D. Ind. 2003); 8 Wright & Miller, Federal Practice and Procedure, § 2008.

A party may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, and "the information sought need not be admissible at the trial if the information sought appears reasonably calculated to

3

lead to the discovery of admissible evidence." Gile v. United Airlines, Inc., 95 F.3d 492, 495 (7th Cir. 1996). DYS does not object to the subpoena on relevancy grounds. See generally doc. 31.

The Federal Rules provide that: "As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34(c); see also Fed. R. Civ. P. 45(a)(1). Under Rule 45, a subpoena is issued "from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C). The subpoena commanded the production of documents at an address in Bluffton, Ohio, which is within the jurisdiction of the U.S. District Court for the Northern District of Ohio.

If an objection to the production of documents is properly made by the person commanded to produce documents, Fed. R. Civ. P. 45(c)(2)(B), the serving party may respond with a motion to compel, Fed. R. Civ. P. 45(c)(2)(B)(i). A party cannot properly object to a subpoena served on a nonparty, even if the subpoenaed records pertain to the party. Forsythe v. Brown, 281 F.R.D. 577, 587 (D. Nev. 2012); McCoy v. Southwest Airlines Co., Inc., 211 F.R.D. 381, 384 (C.D. Cal. 2002).

## II. OBJECTION TO SUBPOENA

The first objections to the subpoena served on DYS were raised, improperly, by the defendants. See, e.g., doc. 30, PX 3. See generally Forsythe, 281 F.R.D. at 587; McCoy, 211 F.R.D. at 384. Counsel for the defendants objected that the

subpoena was invalid because it was issued from the wrong court, and that Sanford was circumventing the rules of discovery "by attempting to obtain discovery information from multiple sources," rather than limiting discovery of documents to that contemplated by Rule 34. As noted in the discussion above, these arguments are meritless.

In addition, there seemed to have been some confusion as to which agency or individuals that counsel for the defendants believed she was representing: "This [discovery request] is requiring counsel for DYS to assume the potentially conflicting position of representing the best interests of DYS, yet not affect representation of the Defendants in the current pending litigation." Doc. 30, PX 3, at 3. The court points out that, although the Ohio Attorney General was providing counsel for the individual defendant-employees, the employer-agency DYS is not a party to the action, and has been represented by separate counsel in the Ohio Attorney General's office. Each counsel's responsibility in this action is limited to the party or agency she represents. It bears repeating that a party cannot properly object to a subpoena served on a nonparty, even if the subpoenaed records pertain to the party. Forsythe, 281 F.R.D. at 587; McCoy, 211 F.R.D. at 384.

The Sept. 12 objection[1] raised by DYS to the first and second requests was based on Ohio Rev. Code § 5139.05(D), which DYS contends prohibits the disclosure of the requested investigative and/or incident reports. (Doc. 30, PX 6, objection.) This same statutory objection was raised in the Oct. 2, 2012, letter to Sanford regarding the incident reports, from DYS counsel. (Doc. 30, PX 9.)

Although the objection to Sanford was limited to this basis, the Notice of Objection filed with the court also objected on the basis that the subpoena should have issued from the Southern District of Ohio. (Doc. 25, citing Fed. R. Civ. P. 45(a)(1)(C).) Presumably, DYS intended to cite Fed. R. Civ. P. 45(a)(2)(C), under which, as discussed earlier, the subpoena was properly issued through this district. The subpoena commanded the production of documents at Bluffton, Ohio, which is within the Northern District of Ohio.

Federal courts have held that Rule 45 "require[s] the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a 'game.'" In re DG Acquisition Corp., 151 F.3d 75, 81 (2d Cir. 1998) (citing United States v. Bryan, 339 U.S. 323, 331 (1950)). Accord, Ott v. City of Milwaukee, 682 F.3d 552, 558 (7th Cir. 2012); Yousuf v. Samantar, 451 F.3d 248,

---

[1] Sanford complains that he did not receive the objection on Sept. 12, but rather several days later. (Doc. 30, at 2-3.) Rule 45 requires the objection to be served on the party or attorney designated in the subpoena. Fed. R. Civ. P. 45(c)(2)(B). Sanford does not provide any authority which would prohibit ordinary service by mail. See generally Fed. R. Civ. P. 5(b)(2)(C). In any event, timely notice was made via the court's electronic filing system, and Sanford was thus aware that the objection had been made, and was also aware of the basis of the objection.

6

252 (D.C. Cir. 2006); Oneida, Ltd. v. United States, 43 Fed.Cl. 611, 616 (Fed.Cl. 1999). Thus, "Rule 45 contemplates assertion of all objections to document production within 14 days." DG Acquisition, 151 F.3d at 81. Objections not timely raised are waived. Yousuf , 451 F.3d at 252; Oneida, 43 Fed.Cl. at 616 (citing cases).

As time goes on, DYS has raised several additional objections beyond those raised within the (extended) time period allowed for its objection to the subpoena. DYS (as well as defendants, improperly) raised an objection based on the Health Insurance Portability and Accountability Act (HIPPA). (Doc. 27.) This untimely objection is now raised in the Oct. 19 memorandum in opposition to the motion to compel. (Doc. 31, at 5-9.) Another late objection concerned a possible constitutional violation of privacy rights, but that has not been raised in DYS's opposition. Any objections not timely raised in the Sept. 12, 2012, objection have been waived.

Nonetheless, the court notes that HIPPA would not bar the production of the incident reports. See generally 45 C.F.R. §164.512(e). As DYS concedes, "protected health information" under HIPPA concerns "individually identifiable health information." 45 C.F.R. §160.103. Sanford has repeatedly stated that redactions of personally identifiable information could be acceptable, presumably as the information is not sought on that basis, but rather to support the plaintiff's theory

7

of deliberate indifference to the medical needs of institutionalized youth. See, e.g., doc. 30, at 2, 5, 9-10.

In addition, HIPPA allows a covered entity to disclose protected health information in response to a court order, 45 C.F.R. §164.512(e)(i), or in response to a subpoena or discovery request, where there is a protective order, 45 C.F.R. §164.512(e)(ii)(B). Here, the parties have entered into a protective order, which recognizes that discoverable information might include information about other institutionalized youth, and that "any information released by DYS to Plaintiff's counsel is protected information, which shall remain confidential." (Doc. 18, § 1; see also 45 C.F.R. §164.512(e)(iv)(A). Under the protective order, DYS agreed to provide access to records including "incident reports" and "investigation reports," without any requirement of a release. (Doc. 18, § 2.)

The protective order meets the conditions outlined in HIPPA as a "qualified protective order" – the protective order prohibits the parties from using the information for any purpose other than the litigation, 45 C.F.R. §164.512(e)(v)(A), and requires the destruction of the provided information at the close of the litigation, 45 C.F.R. §164.512(e)(v)(B). See doc. 18, at 2-3.

The court also finds that Moore v. Prevo, No. 09–1307, 2010 WL 1849208 (6th Cir. May 6, 2010), which held that a prisoner had a Fourteenth Amendment privacy interest in having his HIV-positive status kept confidential from other inmates, does not support a constitutional violation in these differing factual

8

circumstances. In any event, as mentioned, these two objections have been waived and are not properly before the court.

### III. OHIO REV. CODE § 5139.05(D)

The objection to the first and second requests for the production of documents is that "under R.C. § 5139.05(D), DYS is prohibited from such disclosure." (Doc. 30, PX 6.) The statute reads as follows:

> Records maintained by the department of youth services pertaining to the children in its custody shall be accessible only to department employees, except by consent of the department, upon order of the judge of a court of record, or as provided in divisions (D)(1) and (2) of this section. These records shall not be considered "public records," as defined in section 149.43 of the Revised Code.

Ohio Rev. Code § 5139.05(D). The exceptions in (D)(1) and (2) concern releases to (1) the department of corrections, or (D)(2) school districts, and are not relevant here. The statute by its plain terms permits release of DYS records in response to a court order. To the extent that the objection of DYS is based on producing the incident report(s) in response to a subpoena, rather than a court order, an order of this court compelling production would therefore cure the objection.

### A. First Request for Documents

DYS has admitted the existence of an incident report responsive to the first request for documents ("eye injury" incident). That incident report shall be produced in its entirety (as redacted, below) to Sanford. The production of the incident report is subject to the protections of the Stipulated Protective Order for

9

the Protection of Confidential Information. (Doc. 18.) Any personally identifiable information (name, social security number, date of birth, inmate number or other personal institutional identifier, etc.) concerning the injured youth shall be redacted prior to the production.

### B. Second Request for Documents

As to the second request for documents ("elbow injury" incident), counsel for DYS represents to the court that "DYS has been unable to locate any investigation or incident reports related to the purported 'elbow injury' in Plaintiff's second subpoena request." (Doc. 31, at 9; see also doc. 30, PX 9.) Counsel did speak with Dr. Volk, who was unable to recall the name of the injured youth, or the date, but she did recall that the nurse involved was not one of the defendants. Id.

In summary, Counsel for DYS represents that no documents responsive to the second request can be located, and thus the motion is denied as to the second request.

### IV. SUMMARY

The motion to compel (doc. 30) is GRANTED in part, and DENIED in part. As to the first request for documents, it is hereby ordered that the incident report responsive to the first request for documents ("eye injury" incident) shall be produced in its entirety (as redacted, above) to Sanford, subject to the protections of

the Stipulated Protective Order for the Protection of Confidential Information (doc. 18). The motion is denied as to the second request for production of documents.

    IT IS SO ORDERED.

Dated:   Oct. 24, 2012             /s/ Kenneth S. McHargh  
                                                                       Kenneth S. McHargh
                                                                        United States Magistrate Judge