PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CLARENCE SANFORD, ) | |
| ) | CASE NO. 5:11cv2360 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| LISA STEWART, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Regarding ECF Nos. 61; 62; 63] |

On April 26, 2011, Magistrate Judge George J. Limbert issued an Order (ECF No. 61) granting Defendants' motion to quash and/or motion for protective order relating to Plaintiff's request to depose Defendants' expert, Dr. Barbara Volk (ECF No. 59).[1] Defendants filed an Objection and/or Motion for Reconsideration, objecting to the amount of the fee the magistrate judge determined Dr. Volk should be paid when deposed by Plaintiff. ECF No. 62. Defendants stated that Dr. Volk requests $450.00 an hour for her time at the deposition; the magistrate judge rejected that amount and ordered Plaintiff to pay Dr. Volk a flat fee of $200.00. ECF No. 61 at 5.

**I.**

When a party files a motion for reconsideration of a magistrate judge's nondispositive pretrial order, the district court may only reverse the magistrate judge's decision if it is "clearly

---

[1] Dr. Volk was employed at the juvenile facility where Plaintiff was incarcerated. ECF No. 61 at 3. A discovery dispute arose, in part, because Plaintiff argued he did not have to wait until after the expert report to depose Dr. Volk or pay her an expert's fee because she was a fact witness and he would only ask her questions based on her status as a fact witness. ECF No. 61 at 4. The magistrate judge ruled against Plaintiff, determining that Dr. Volk was nevertheless Defendants' expert, and ordered Plaintiff to depose Dr. Volk after her expert report had been completed and to pay her a reasonable rate per Fed. R. Civ. P. 26(b)(4)(E). ECF No. 61 at 4, 6.

(5:11cv2360)

erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). *See also* *Chesher v. Allen*, 122 Fed. Appx. 184, at *2 (6th Cir. 2005); *Freudeman v. Landing of Canton*, 2010 WL 2836764, at *1 (N.D.Ohio July 19, 2010).

## II.

In objecting to the magistrate judge's determination that $200 is a reasonable rate for Dr. Volk's deposition, Defendants merely assert that the deposition lasted two and one-quarter hours, amounting to an hourly fee of $66.00 per hour which they argue is unreasonable. ECF No. 62 at 4. The Court notes that Defendants divided incorrectly—a $200 flat fee results in an hourly fee of slightly less than $89 per hour. Even this improved hourly rate omits that twenty minutes of the 2.25 hours was spent on the telephone with the magistrate judge in an attempt to resolve a dispute regarding the propriety of the questions being posed by Plaintiff's counsel. While compensable at some rate, it should not necessarily be charged at the rate of testimony.[2]

Notably, Defendants do not provide the Court with sufficient information explaining why the $200 flat rate is unreasonable or the $450 per hour rate reasonable, such as: Dr. Volk's education; her training and experience; the prevailing rate for comparable experts; the nature and complexity of the information sought; or her regular hourly rate for professional services. *See*

---

[2] According to Defendants, during the deposition Plaintiff began to make inquiries regarding Dr. Volk's expertise. ECF No. 62 at 4. Defendants objected because Plaintiff had previously stated he would only ask questions related to Dr. Volk's status as a fact witness. Defendants believed that, pursuant to the Order (ECF No. 61), this line of questioning was improper because Plaintiff had allegedly previously asserted he would only be asking fact-based questions. ECF No. 62 at 3. The parties called the Court during the deposition to ask for an interpretation of the Order, and the magistrate judge ruled that Plaintiff can depose Dr. Volk as an expert witness as to her opinion. 5/8/2013, *Minutes of Proceedings*.

2

(5:11cv2360)

*Burgess v. Fischer*, 283 F.R.D. 372, 373 (S.D.Ohio 2012) (citing *Bonar v. Romano*, 2010 WL 4280691, at *1 (S.D.Ohio Oct. 25, 2010))).[3]  Instead, Defendants merely state that they are paying Dr. Volk $150 per hour for review and preparation of her expert report, and $450 per hour for trial testimony.  ECF No. 62 at 6.

Despite the paucity of the record, the Court grants Defendants' motion for reconsideration because it finds the $200 *flat rate* to be unreasonable—it also, however, finds the $450 per hour rate to be unreasonable, under the circumstances presented herein.  Dr. Volk's board certification in both internal medicine and pediatrics is certainly to be credited.  Beyond this, Defendants make no effort to explain why the $450 rate is reasonable, despite reciting the generic factors that a court considers in determining an expert's fee.  ECF No. 62 at 5.  Defendants also fail to provide Dr. Volk's regular hourly rate for professional services and do not point to any comparable expert with whom her talent can be reasonably compared.  *See Bonar*, 2010 WL 4280691, at *1-2 (citing factors and reviewing *curriculum vitae* and expert fees of five comparable physicians).

The Court finds that $200 *per hour* is a better representation of the services provided by Dr. Volk during the deposition.  The Court bases this determination on Dr. Volk's board certifications and the limited use to which that expertise was tasked.  Only some of the information sought during the deposition related to Dr. Volk's expertise; the remaining

---

[3] Defendants argue that they have in the past paid $400 per hour in conducting depositions and have charged $300 per hour without objection from the opposing party.  ECF No. 62 at 5.  These matters cited by Defendants were uncontested and, in any event, are not dispositive on the issue of a reasonable fee for Dr. Volk's deposition in the instant case.

3

(5:11cv2360)

information sought related to her personal knowledge as a fact witness— that is, an actor and witness regarding the occurrences and events related to the subject matter of the suit. *See Id.* at *1 (courts consider the complexity of the information sought); ECF Nos. 60 at 2; 61 at 4; 62 at 4. As to the gap between the $450 per hour Defendants are paying Dr. Volk for trial testimony versus the $150 per hour they are paying her for reviewing and preparing an expert report, the Court recognizes that the more robust activity of answering questions designed to test an expert's opinion warrants greater compensation than the more passive acts of writing and reviewing a report. For all these reasons, the Court orders Plaintiff to pay Dr. Volk an expert witness fee of $200 per hour for the 2.25 hours spent in the deposition setting.

### III.

Additionally, the Court denies Defendants' unopposed motion for an extension of time to file a dispositive motion. ECF No. 63.[4] The Court has already advised counsel that the parties should not expect any further enlargement of dates. *See* 3/11/2013, *Order*.

IT IS SO ORDERED.

| | |
|---|---|
| May 22, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[4] For cause, Defendants assert that the Court ordered Plaintiff to depose Dr. Volk by May 15, 2013, 19 days after the discovery cutoff date and, thus, Defendants seek an additional 19 day extension. ECF No. 63 at 2. The Court notes that 1) Plaintiff deposed Dr. Volk on May 8, 2013, and 2) it was Defendants who insisted Dr. Volk's deposition be delayed until after the discovery cutoff, instead of April 24, 2013 as originally scheduled by Plaintiff. ECF No. 59 at 3, 5.

4