PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE SANFORD, | ) | |
| | ) | CASE NO. 5:11cv2360 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| LISA STEWART, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Regarding ECF Nos. 84; 85; 87] |

Pending before the Court is Defendants' Motion for Reconsideration (ECF No. 84)

pursuant to Fed. R. Civ. P. 59(e) and Defendants' Supplement to Motion for Reconsideration

(ECF No. 85).  Plaintiff responded (ECF No. 86) and Defendants replied (ECF No. 88).

Defendants also filed a Motion to Stay Trial and Pre-Trial Dates (ECF No. 87).  For the reasons

explained below, the Court denies Defendants' motion for reconsideration (ECF No. 84, 85).

The Court grants in part and denies in part Defendants' motion to stay trial dates (ECF No. 87).

**I.**

On December 31, 2013, the Court issued a Memorandum of Opinion and Order (ECF No.

82) denying Defendants' motion to dismiss in part.  The Court found Plaintiff provided evidence

establishing a genuine issue of material fact as to whether five of the six Defendants, all nurses at

the Indian River Juvenile Correctional Facility ("IRJCF"), were deliberately indifferent to

Plaintiff's serious medical needs in violation of the Eighth Amendment.[1]  Defendants filed a

---

[1] Plaintiff brought claims against Nurses Stewart, Welfe, Richards, Moore, Flood, and
James.  The Court granted summary judgment and qualified immunity to Nurse James, and
denied summary judgment and qualified immunity to the remaining nurses. ECF No. 82 at 32.

(5:11cv2360)

motion for reconsideration alleging that the Court made erroneous findings of fact.  ECF No. 84.

The Court provides the standard for reconsideration and then considers each alleged error in turn.

**II.**

Federal Rule of Civil Procedure 59(e) allows district courts to alter, amend, or vacate a

prior judgment.  *See Huff v. Metropolitan Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).  The

purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties

and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States,*

*533 F.3d 472, 475 (6th Cir. 2008)* (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)).  It

permits district courts to amend judgments where there is: "(1) a clear error of law; (2) newly

discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent

manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

The Sixth Circuit has explained that "Rule 59(e) motions cannot be used to present new

arguments that could have been raised prior to judgment." *Howard*, 533 F.3d at 475.  *See also*

*Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste.*

*Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988).  Indeed, "Rule

59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'"

*Howard*, 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe*, 146 F.3d at 374).  The grant or denial

of a Rule 59(e) motion is within the informed discretion of the district court. *Huff*, 675 F.2d at

122; 11 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2810.1

(3d ed.).

(5:11cv2360)

### III.

**A.  Defendants' Motion for Reconsideration**

Defendants argue that the Court "failed to accept or incorporate declaratory admissions"

from three non-party individuals: Dr. Volk, Dr. Bradley, and Robert Walker, R.N., and thus

"made independent findings of fact that were contrary to un-rebutted medical evidence and

opinion."  ECF No. 84 at 2.  Defendants allege that because of these errors the Court

"independently judg[ed] the evidence."  *Id*.  Defendants advance eleven examples, alleging that

the Court, "*sua sponte*":

"(A) made an unsupported medical determination that DYS Defendant nurses should

have realized Plaintiff's medical condition had deteriorated four days before even the physicians

at the hospital he was transported to on December 2, 2007, realized the same."  ECF No. 84 at 2.

This is inaccurate— the Court, following the summary judgment standard, refrained from making

a factual determination as to what the nurses should have realized about Plaintiff's medical

condition.  *See, e.g.*, ECF No. 82 at 24-25 ("Based on the foregoing and viewed in a light most

favorable to him, Plaintiff presents sufficient evidence to show that a jury could find that Nurse

Stewart's care could be found to be so cursory or woefully inadequate as to amount to no

treatment at all, and that she recklessly disregarded a substantial risk of harm to Plaintiff.").

"(B) failed to incorporate, mention or give any consideration to the factual evidence that

the treating physician, Dr. Barbara Volk as well as the DYS Medical Director, Dr. John Bradley

both provided sworn testimony that the Defendant nurses adhered to DYS policy and procedure

in assessing Plaintiff's complaints as well as following established orders and notification

3

(5:11cv2360)

practices." ECF No. 84 at 3.  The Court, in its Order, found discrepancies in all evidence

presented: including, the declarations referred to here by Defendants, Defendants' depositions,

the medical records, and the investigative report.  *See* ECF No. 82 at 8-11.  Therefore, the Court

found there was a genuine factual dispute regarding the nurses' actions.  *Id*.  Dr. Volk's

declaration does not provide that the nurses notified her.  *See* ECF No. 68-2.  Dr. Bradley's first

declaration only refers to "Exhibit M" as proof that Dr. Volk was notified on November 30,

2007—Exhibit M is a page out of the Interdisciplinary Progress Notes and contains no entries for

November 30, 2007.  *See* ECF No. 68-1 at 2, ¶8; 68-13 (Exhibit M).  Exhibit M contains no

indications in any other entries that Dr. Volk was notified.  Dr. Bradley's second declaration

"express[es] [his] opinion" that Dr. Volk was notified as indicated by a "telephone order taken

from, and signed off by, Dr. Volk on November 30, 2013[sic]."  ECF No. 79-1 at 2, ¶9 (citing

ECF No. 68-15).  The telephone order was signed by Dr. Volk on December 5, 2007, not on

November 30, 2007.  The Court discussed ECF No. 68-15 in its Order.  *See* ECF No. 82 at 10-

11.

"(C) usurped established medical evidence that prohibits a finding of a relationship

between the medical disease septicemia and an undetected avulsion fracture."  ECF No. 84 at 3.

The "established medical evidence" Defendants provide is their own expert report created by Dr.

Volk.  ECF No. 68-2 at 3-6.  The Court is not the factfinder and, accordingly, did not decide

whether to believe Plaintiff's medical expert or Defendants' medical expert as to the nature of

Plaintiff's septicemia and its likely causes.  *See* ECF No. 82 at 19-21.

"(D) failed to incorporate, mention or give any consideration to the factual evidence that

4

(5:11cv2360)

not only is it medically unreasonable to suspect an individual of Plaintiff's age and health status

to be afflicted with septicemia, but in addition, ignored evidence which established that

Plaintiff's self-inflicting cutting behavior introduced the septicemia bacteria into his own

bloodstream." ECF No. 84 at 3.  Defendants provided no evidence from which the Court could

establish, as a matter of law, that Plaintiff's septicemia was the result of a self-inflicted injury.

The cause of the septicemia is a factual issue to be determined by a factfinder, not the Court.

    "(E) failed to accept the factual evidence that the Defendant nurses were not permitted to

second guess the radiologist physician's x-ray report which evidenced a lack of a fracture to the

Plaintiff's hip." ECF No. 84 at 3.  The factual evidence Defendants provide is the declaration of

Dr. Bradley, whom is not a party to this action nor an identified medical expert in this case, in

which Bradley states that a "low-grade temperature, alone, does not evidence staphyloccus aureus

bacteria infection." ECF No. 68-1 at 2, ¶9.  First, as fully described throughout the Court's

Memorandum of Opinion and Order, Plaintiff did not present with a low-grade temperature,

alone.  Second, the cause of Plaintiff's septicemia is a factual issue to be determined by a jury, as

it is in dispute.  Third, Bradley's statement that the nurses should not have been expected to

realize that Plaintiff's x-ray report was erroneous is not a contested issue in this case.  *See* ECF

No. 82 at 21-22 (describing Defendants' erroneous and repeated insistence that the theory of

Plaintiff's case is something other than what Plaintiff advances).

    "(F) failed to accept or consider the factual evidence of non-party treating physician, Dr.

Volk's testimony that even if the x-ray report had come back reflecting a fracture on November

28, 2007, and she had been called, she would not have assessed the patient, but would have

5

(5:11cv2360)

prescribed the same treatment the Defendant nurses were already administering, Motrin and

rest." ECF No. 84 at 3.  Defendants cite to Dr. Volk's expert report, which is not "testimony."

Dr. Volk's opinion about what she would have prescribed after reading a positive x-ray report

does not take into consideration the other symptoms Plaintiff presented with after the x-ray was

taken.  The Court found Defendants may only be liable for their actions after the aggravating

injury and Plaintiff's worsening condition, which the portion of Dr. Volk's opinion cited by

Defendants does not take into account.

"(G) failed to accept or consider the factual evidence that the only symptoms Plaintiff was

displaying prior to December 2, 2007, when the Defendant nurses elected to transport him to the

hospital, were consistent with complaints of a muscle strain/sprain, and flu-like symptoms of

chest pain and a low-grade temperature which only authorized the nurses to implement Dr.

Volk's standing orders for the same." ECF No. 84 at 4.  As already noted, the Court did not

make a factual determination as to what Plaintiff's symptoms may or may not have been

consistent with, given the discrepancies in the evidence submitted. *See, e.g.,* ECF No. 71-1 at 3-

4 (Plaintiff's expert opinion reaching a different conclusion than Defendants' expert).

"(H) failed to consider the factual evidence that even on December 2, 2007, had the

Defendant nurses elected to call Dr. Volk with Plaintiff's signs and symptoms of a normal heart

rate, normal respiratory rate, normal blood pressure, cracked lips, low grade temperature and

smelling of fecal incontinence, that she 'would not have suspected that he was septic'

necessitating a hospital transport [], and in so failing, consequently failed to make any mention or

give any consideration that both physicians, Dr. Volk and Dr. Bradley commended the nurses for

6

(5:11cv2360)

their innate judgment to transport him to the local hospital emergency room." ECF No. 84 at 4.

Whether the nurses should have suspected Plaintiff was septic and whether the nurses correctly

determined Plaintiff should be transported to the hospital on December 2, 2007 are not at issue in

this case.  *See* ECF No. 82 at 21-22

"(I) failed to give any weight to non-party treating physician Dr. Volk, non-party DYS

Medical Director Dr. Bradley or non-party nursing supervisor Health Service Administrator Mr.

Walker's sworn testimonial evidence that all the named Defendant nurses timely adhered to DYS

policy as well as nursing standards of care in assessing Plaintiff's complaints, administering

nursing approved treatments as well as implementing department notification requirements."

ECF No. 84 at 4.  As noted in section (B), *supra*, there is an issue of fact regarding the nurses'

actions.

"([J]) only gave weight and consideration to the internal administrative investigative

report, which not only did Plaintiff fail to authenticate with any of the witnesses, but ignored the

fact that neither Dr. Volk nor Defendant Nurse James had any independent recollection of being

interviewed [], and more importantly, that Plaintiff failed to reference in any capacity this

investigative report during Defendant Nurse Stewart's deposition []—consequently this Court

relied solely on purported hearsay statements Defendant Stewart supposedly made to a third

unknown person, which evidences no indicia of reliability and of which Nurse Stewart was never

afforded any ability by Plaintiff to confirm or deny." ECF No. 84 at 4-5.  Taking these

arguments in order: the statement that the Court "*only* gave weight and consideration to the []

report" is not accurate.  (Emphasis added)  Next, Defendants, in their reply brief, simply asserted

(5:11cv2360)

that Plaintiff  "relies on an unauthenticated report inadmissible under Fed. R. Civ. P. 803(8)(C)."

ECF No. 79 at 1.  There is no Federal Rule of Civil Procedure 803.  Nor is there a Federal Rule

of Evidence 803(8)(C).  Defendants did articulate an argument that, per Fed. R. Evid. 803(6), the

investigative report lacked reliability because the drafters of the report did not have medical

knowledge.  *See* ECF No. 79 at 6.  The Court considered this argument in its Memorandum of

Opinion and Order.  *See* ECF No. 82 at 11-13.  Defendants' new argument that the report,

prepared by the Department of Youth Services and produced by Defendants during discovery

(*see* ECF No. 77-1), is inadmissable because Plaintiff failed to authenticate it with any of the

witnesses, was not previously presented to the Court despite Plaintiff relying on the Report in his

brief in opposition (*see* ECF No. 77 at 19).  The Court will not consider it now.  *See National*

*Ecological Foundation v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) (arguments made for the

first time in a Rule 59(e) motion that could have been presented prior to the motion barred).

And, to be clear, Dr. Volk did not testify that she did not remember being interviewed—she

testified that she did remember being interviewed.  *See* 77-4 at 45.  She testified that "I just don't

remember word for word what I said."  *Id*.  Nurse James testified that she remembered being

interviewed "vaguely."  ECF No. 77-6 at 7.  Defendants' arguments are not accurate statements

of fact and are not, in any event, relevant.

"(K) relied heavily on an unauthenticated internal investigative report, to the exclusion of

sworn evidence, which the Medical Director, Dr. Bradley proffered through his declaration made

pursuant to 28 U.S.C. § 1746, that the investigative report not only failed to include critical

medical documentation but contained inaccurate and unsound medical assertions regarding what

8

(5:11cv2360)

this Court has determined is the central issue of whether the Defendant nurses timely notified Dr. Volk of Plaintiff's symptoms." *Id*. at 5.  The Court discussed this issue in its Memorandum of Opinion and Order, ECF No. 82 at 11-13.  The Court did not rely on the report for medical assertions; it did not exclude other evidence; and it found that it does not require medical knowledge to determine whether a phone call was made. *See id*.  Also, Bradley's declaration does not state that the report failed to include critical medical documentation. *See* ECF No. 79-1.

Defendants insist that the medical records establish the nurses notified the doctor or the supervisor.  ECF No. 84 at 6-7.  Defendants insist the declarations of Dr. Volk, Bradley, and nursing supervisor Robert Walker establish the nurses notified the doctor or the supervisor. *Id*. The medical records do no such thing.  Nor does the sworn testimony of Dr. Volk, Bradley, and Walker.  Instead, the medical records, the testimony, and the investigative report— all the evidence on record before the Court—conflict.  Thus, genuine issues are in dispute. *See e.g.* ECF No. 68-15 (medical records signed by Dr. Volk on December 5, 2007—not the day the records were generated); 74-4 at 75-78 (Dr. Volk's deposition in which she testifies she does not recall whether she was notified); 75-21 (Robert Walker, R.N., stating during the investigation that he was not notified); 68-17 (Walker declaration in which he declares that he "has no recollection of specific details in this case"); 68-7 (Nurse Stewart's declaration that she notified Walker); 75-18 (x-ray report signed by Walker).  The Court does not decide issues of fact—the factfinder does.

In sum, Defendants have not asserted there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. *See Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).  Rather, Defendants have

9

(5:11cv2360)

stridently argued that the Court should have believed their selected evidence over all other

evidence on record.  That procedure is not in accordance with appropriate summary judgment

standard.  Defendants' additional argument that they were forced to "prove a negative" is utterly

illogical.  *See* ECF No. 84 at 7.  The Court, reciting the standard Defendants urge it to follow,

properly found Plaintiff met his burden that his "version of 'the events is not wholly fanciful.'"

*See* ECF No. 84 at 7 (quoting *Morris v. Lindau*, 196 F.3d 102, 109 (2d Cir. 1999)).  Summary

judgment was, therefore, properly denied.

      Defendants, in their Supplement to Motion for Reconsideration, request the Court

reconsider its ruling on qualified immunity.  ECF No. 85 at 1.  Defendants generally argue that

because there was no constitutional violation for the reasons they argue in their motion for

reconsideration, they are entitled to qualified immunity.  *Id*. at 3.  For the same reasons explained

above, qualified immunity was properly denied.

      **B.  Defendants' Reply Brief**

      Defendants' brief in support of its motion for reconsideration is six pages long.  ECF No.

84.  Defendants' six-page motion brief raises issues regarding the propriety of the Court's

consideration of evidence on the record, as discussed, *supra*.  Plaintiff, in turn, responded with a

three-page brief in opposition in which he disagreed with Defendants' characterization of the

Court's consideration of evidence.  ECF No. 86.  In reply, Defendants filed a twenty-page brief in

which, for the first time, they assert legal arguments that Plaintiff did not establish a deliberate

indifference claim.  ECF No. 88 at 4.  Also, Defendants recite the entire chronology of events

and assert there is no evidence of an objective serious medical need necessary for a finding of

(5:11cv2360)

deliberate indifference.  ECF No. 88 at 13.  Finally, Defendants attack Plaintiff's expert and

allege that she did not view the entire medical record and was not qualified to offer an opinion.

ECF No. 88 at 15.

It is well-settled that arguments made for the first time in a brief in reply are not properly

before the Court for consideration.  *See Scottsdale Ins. Co. v. Flowers*, 513, F.3d 546, 553 (6th

Cir. 2008).  Accordingly, the Court will not consider Defendants' legal arguments asserted for

the first time in its reply brief.  Moreover, the Court notes that Defendants have already objected,

twice, to Plaintiff's expert, and the Court considered those arguments and rejected them.  *See*

ECF Nos. 73; 82 at 13.

All other arguments in Defendants' reply brief are merely attempts to re-argue their case,

which is not an appropriate reason for a court to grant a motion for reconsideration.  *See Howard,*

*533 F.3d at 475*.

Defendants' motion for reconsideration is DENIED.

The Court also DENIES Defendants' supplement to the motion regarding reconsideration

of the Court's ruling on qualified immunity.

**C.  Defendants' Motion to Stay Trial and Pre-Trial Due Dates**

Defendants requested a stay of trial and pre-trial due dates until a determination has been

rendered on its motion for reconsideration.  ECF No. 87.  Because the Court has resolved

Defendants' motion for reconsideration, the motion to stay pending resolution of the motion for

reconsideration is DENIED AS MOOT.  Defendants also request the Court continue the trial date

currently set for April 14, 2014 and pre-trial due dates.  The Court grants Defendants' motion in

11

(5:11cv2360)

part.  The Court will hold an in-person final pre-trial conference on **April 14, 2014** at **10:30 a.m.**

in Chambers 313, Federal Building – United States Courthouse, 125 Market Street, Youngstown,

Ohio.  Lead counsel who will present at trial and parties with full settlement authority must be

present unless explicitly excused by the Court upon written motion.

.

### IV.  Conclusion

For the reasons explained above, the Court DENIES, in its entirety, Defendants' Motion

for Reconsideration and Supplement to the motion.  ECF Nos. 84; 85.  The Court GRANTS IN

PART and DENIES IN PART Defendants' Motion to Stay and Continue Pre-Trial Dates.  ECF

No. 87.  The Court will hold an in-person final pre-trial on April 14, 2014 at 10:30 a.m.  The

Court will set a new trial date at the final pre-trial conference. The Court will also schedule new

dates for the filing of pretrial submissions.


IT IS SO ORDERED.


 April 2, 2014                                        */s/ Benita Y. Pearson*
Date                                                 Benita Y. Pearson
                                                     United States District Judge